UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| P. STEPHEN LAMONT,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID KRANE, et al.,<br><br>    Defendants. | Case No. 5:18-cv-04327-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 82, 83 |

Plaintiff Stephen Lamont, pro se, seeks a preliminary injunction prohibiting Defendant Google Ventures, and non-party Alphabet Inc., and Google LLC[1] (collectively "Google") from violating 18 U.S.C. § 1836 — the Defend Trade Secrets Act of 2016. Dkt. Nos. 82, 83.

This court has federal subject matter jurisdiction to hear this case under 28 U.S.C. § 1331 (federal question) based upon the misappropriation of trade secrets claim. The court has considered the moving and responding papers. For the reasons below, the motion will be denied.

## I. BACKGROUND[2]

Plaintiff, Chairman and Chief Executive Officer of iviewit Holdings, Inc., d/b/a Arumai

---

[1] Neither non-party: Alphabet Inc. or Google LLC have been served with this motion.
[2] The background is a summary of the allegations in the complaint (Dkt. No. 1) that are relevant to the motion for a preliminary injunction. Plaintiff did not file either an affidavit or declaration supporting his factual contentions in his motion as required under Civil L.R. 7-2(d).

Case No.: 5:18-cv-04327-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
1

1  Technologies, Inc. alleges that on October 4, 2016, Kevin Conner of Conner & Associates met
2  with David Krane, head of Google Ventures, at the Rosewood Sand Hill in Menlo Park,
3  California. Dkt. No. 1 ¶¶ 5, 27 ("Compl."). Before and after the meeting, Plaintiff provided Mr.
4  Conner with his business plan that included his entire patent prosecution strategy. At the meeting
5  in Menlo Park, according to Plaintiff, Mr. Conner disclosed Plaintiff's "proprietary and
6  confidential information" to Mr. Krane and did so without executing a non-disclosure agreement.
7  *Id*. ¶¶ 55, 57. Mr. Conner and Mr. Krane deny a meeting ever took place. *Id*. ¶ 25.

Plaintiff alleges that after this meeting Google Inc. moved to "artificially intelligent solutions in its Cloud platform and that Google invested $4.5M on artificial intelligence research in Montreal." *Id*. ¶ 21. Plaintiff infers that because Google Inc. made this move shortly after the Menlo Park meeting, it shows that Google used his proprietary information in this venture. Plaintiff alleges, as a result of this meeting, he "has been caused to suffer more than $75 million of exposure to his artificial intelligence inventions." *Id*. ¶ 53. Further, Plaintiff claims he has suffered "more than $20 million in four innovative software product designs: Proprietary Streaming Video Protocol, Cloud Based Transcoding and Streaming System for Media Companies, OTT Platform with Social Media Layers for OEMs, and Multiscreen OTT Video Stack for Operators." *Id*. ¶ 60.

Plaintiff filed his initial complaint in July 2018 for misappropriation of trade secrets and other state law claims against Defendants Google Ventures, Catherine Straggas, Kevin Conner, and Conner & Associates. Compl. All Defendants subsequently filed separate motions to dismiss. *See* Dkt. Nos. 36, 50, 60. In January of 2019, Plaintiff filed a motion for preliminary injunction against Google Ventures and non-party Alphabet Inc. and Google LLC. Dkt. Nos. 82, 83.

In March of 2019, the court granted Defendants Catherine Straggas' and Kevin Conner and Conner & Associates' motions to dismiss without leave to amend. Dkt. No. 100. The court also granted Defendant Google Venture's motion to dismiss but with leave to amend. *Id*. Plaintiff subsequently filed an amended complaint. Dkt. No. 106. The court now responds to Plaintiff's motion for preliminary injunction based on a similar set of facts as the initial complaint, which

Case No.: 5:18-cv-04327-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
2

was the operative complaint at the time Plaintiff filed his preliminary injunction motion.

## II. LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The Ninth Circuit has held that courts may balance "the elements of the preliminary injunction test . . . so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Alternatively, a preliminary injunction is also appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor." *Alliance*, 632 F.3d at 1135. "These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases." *Big Country Foods, Inc. v. Board of Educ. of the Anchorage Sch. Dist.*, 868 F.2d 1085, 1088 (9th Cir. 1989). But "[u]nder either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury." *Id.*

Whether to grant or deny a preliminary injunction is a matter within the court's discretion. *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132-33 (9th Cir. 1979). Any order of an injunction only binds a party who has received actual notice. Fed. R. Civ. P. 65(d)(2).

## III. DISCUSSION

### A. Success on the Merits

Plaintiff has not shown that he is likely to succeed on the merits of his trade secret claim against Google. Plaintiff brought his initial trade secret misappropriation claim under the federal Defend Trade Secrets Act against four Defendants. The court has since dismissed all of Plaintiff's claims. Plaintiff was granted leave to amend as to one Defendant, Google Ventures. Plaintiff's motion for preliminary injunction is a near recitation of his complaint.

Case No.: 5:18-cv-04327-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
3

To commence discovery and to obtain a preliminary injunction, a plaintiff must first identify his alleged trade secrets with "reasonable particularity." Cal. Civ. Proc. Code § 2019.210; *Action Learning Sys., Inc. v. Crowe*, 2014 WL 12564011, at *4 (C.D. Cal. Aug. 11, 2014). Both laws require a plaintiff to show that it possessed a trade secret, that the defendant misappropriated the trade secret, and that the defendant's conduct damaged the plaintiff. *Space Data Corp. v. X*, 2017 WL 5013363, at *1 (N.D. Cal. Feb. 16, 2017) (citing 18 U.S.C. § 1839(5) and Cal. Civ. Code § 3426.1(b)). A "trade secret" is information that (1) derives independent economic value, actual or potential, from not being generally known to, or readily ascertainable by other people who can obtain economic value from its disclosure or use and (2) is subject to reasonable efforts to maintain its secrecy. 18 U.S.C. § 1839(3); Cal. Civ. Code § 3426.1(d). "Misappropriation" means acquisition of a trade secret through means that the party knew or should have known were improper, such as theft or breach of a duty to maintain secrecy. 18 U.S.C. § 1839(5); Cal. Civ. Code § 3426.1(b). A party may be liable for misappropriation if they knew or had reason to know that a trade secret it uses was derived from a person who acquired it through improper means. 18 U.S.C. § 1839(5); Cal. Civ. Code § 3426.1(b).

Here, Plaintiff neither shows possession of a trade secret nor does he describe his alleged trade secrets with "reasonable particularity." Plaintiff states that his "assets ARE trade secrets as they are only housed on a secure page within the domain of www.arumaitechnologies.com accessible only to Plaintiff." Dkt. No. 82 ¶ 10; Dkt. No. 83 ¶ 28. And that he "employs multiple layers of security." *Id*. As previously found by the court, Plaintiff's description of his four innovated software product designs including "[p]roprietary Streaming Video Protocol, Cloud Based Transcoding and Streaming System for Media Companies, OTT Platform with Social Media Layers for OEMs, and Multiscreen OTT Video Stack for Operators," that he "owns all rights, title, and interest" to (Compl. ¶¶ 42, 53, 60) lacks boundaries to permit Google to ascertain where the secrets might lie. *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 988 (S.D. Cal. 2012), citing *Diodes, Inc. v. Franzen*, 67 Cal. Rptr. 19, 24 (Cal. Ct. App. 1968).

Plaintiff also fails to show that Google misappropriated his alleged trade secrets. Based on

Case No.: 5:18-cv-04327-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
4

allegations in his complaint, Plaintiff states that "[n]ine of the twelve exposed patent ideas are built upon artificial intelligence" that had little use since its discovery in 1956. Compl. ¶ 19. Plaintiff alleges Mr. Conner disclosed his patent ideas to Mr. Krane at the meeting in October 2016. Compl. ¶ 16. Plaintiff then states that in November 2016 Google Inc. started using artificial intelligence in its Cloud platform. *Id*. ¶ 21. Plaintiff's statements are conclusory and lack reasonable logic. Plaintiff does not show what trade secrets he alleges were stolen, nor does he show that Google knew or had reason to know any trade secret was derived from improper means. Based on Plaintiff's limited and conclusory facts as alleged, the court cannot describe in reasonable detail any act or acts Google would be restrained from doing as required under Federal Rule of Civil Procedure 65(d)(1)(C) to provide Plaintiff with adequate relief. In sum, Plaintiff cannot not show a likelihood of success on the merits.

### B. Irreparable Harm

Plaintiff has not shown irreparable harm. In seeking a preliminary injunction, a Plaintiff must demonstrate "that irreparable injury is likely in the absence of an injunction." *Winter*, 555 U.S. at 21. An injunction ordered on any lesser showing is "inconsistent" with the "characterization of injunctive relief as an extraordinary remedy." *Id*. at 22. In assessing whether a plaintiff has demonstrated that it is likely to suffer irreparable harm in the absence of injunctive relief, the court is mindful that the plaintiff must make a "clear showing of irreparable harm." *Garcia v. Google*, 786 F.3d 733, 746 (9th Cir. 2015). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). Indeed, "[a] plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Id*. "Subjective apprehensions and unsupported predictions of revenue loss are not sufficient to satisfy a plaintiff's burden of demonstrating an immediate threat of irreparable harm." *Id*. at 675-76.

Here, Plaintiff's first assertion of harm is that he is precluded from raising capital. Dkt. Nos. 82, 83 ¶ 34. Plaintiff alleges that he cannot "exchange cash for capital shares without risking

Case No.: 5:18-cv-04327-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
5

himself of claims of negligence, securities violation, and stock fraud." *Id*. Plaintiff does not explain why this is the case but states plainly that "granting a preliminary injunction would alleviate these possibilities." *Id*. Plaintiff's statements do not meet the standard of a clear showing of irreparable harm.

Plaintiff also states that he will suffer nine types of irreparable harm if the court does not immediately enjoin Google. *Id*. ¶ 35. Plaintiff describes the nine types of harm as:

> (1) no coding of a Proprietary Streaming Video Protocol; (2) no coding 331 of the Cloud-Based Transcoding and Streaming System for Media Companies; (3) 332 no coding of a Multiscreen OTT Platform with Social Media Layers for OEMs; (4) 333 no coding for a Silver Bullet OTT Video Stack for Operators; (5) no OTT 334 Platforms for the OTT patent ideas to defensively protect; (6) the loss of the 335 individual as the motivating force behind the development and commercialization 336 of the most popular product in the history of consumer electronics – the DVD 337 player in Gregory B. Thagard, SEVP & Co-CTO; (7) the loss of the well known 338 expert in service provider architecture and co-inventor with late co-founder of 339 Microsoft Corporation in David Colter, EVP &Co-CTO; (8) the loss of the individual who controls a $1 billion dollar P&L for Qualcomm Corporation in lead 341 independent Director, Shyam Krishnamurthy; and (9) the probable demise of the 342 only leading, independent, pure play company in the OTT industry today in 343 Arumai Technologies, Inc. at the hands of the cash rich non-parties and party.

*Id*. This list of "types of harm" is unclear. Again, it is impossible for this court to enjoin Google from a violation of the Defend Trade Secrets Act based on the information Plaintiff has provided. Furthermore, Plaintiff, while filing his initial complaint in July of 2018, has waited until January of 2019 to bring his preliminary injunction motion. This timing weighs against Plaintiff's argument that his threatened injury is imminent warranting an injunction. In sum, Plaintiff has offered no proof that there is an imminent threat of use or disclosure of Plaintiff's alleged trade secrets. In light of this, Plaintiff has not demonstrated irreparable harm.

Because the court finds that Plaintiff's explanation of potential ensuing harm is not the type of "immediate threatened injury" required for a preliminary injunction, it need not address the other *Winter* factors. *See Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011) (holding that injunctive relief may not issue absent a "threshold showing regarding irreparable harm . . . regardless of the petitioner's proof regarding the other [] factors").

Case No.: 5:18-cv-04327-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
6

## IV. CONCLUSION AND ORDER

The court concludes that Plaintiff has not met the requirements to enable a preliminary injunction. Accordingly, a preliminary injunction will not issue.

**IT IS SO ORDERED.**

Dated: May 7, 2019

_____
EDWARD J. DAVILA
United States District Judge