UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| P. STEPHEN LAMONT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID KRANE, et al.,<br><br>　　　　　Defendants. | Case No. 5:18-cv-04327-EJD<br><br>**ORDER GRANTING GV DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 117 |

Presently before the Court is Defendants' motion to dismiss Plaintiff's Second Amended Complaint ("SAC") filed by Defendants David Krane and Google Ventures ("GV Defendants"). Dkt. No. 117 ("Mot."). Pro se Plaintiff P. Stephen Lamont ("Plaintiff") seeks nearly one billion dollars in compensatory and punitive damages against original GV Defendants and two newly added Defendants: Alphabet, Inc. and Google, LLC (collectively "Defendants"). SAC.

Plaintiff asserts that Defendants have violated the Defend Trade Secrets Act, 18 U.S.C. § 1836, and 18 U.S.C. § 1961 (defining 18 U.S.C. Ch. 96—Racketeer Influenced and Corrupt Organizations). Defendants Alphabet and Google have not been served with this action nor have they otherwise responded. Because Plaintiff has failed to address the deficiencies previously outlined by the Court (Dkt. No. 100), Plaintiff still lacks a sufficiently plead claim under the Defend Trade Secrets Act. Plaintiff also states no facts in support of his newly-added Racketeering claim. For the reasons below, GV Defendants' motion to dismiss is GRANTED.

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question). All parties are located in California and within this district. This matter is suitable for decision without oral argument. Civ. L.R. 7-1(b).

Case No.: 5:18-cv-04327-EJD
ORDER GRANTING GV DEFENDANTS' MOTION TO DISMISS
1

## I. BACKGROUND[1]

As stated in his original Complaint, Plaintiff is Chairman and Chief Executive Officer of iviewit Holdings, Inc., d/b/a Arumai Technologies, Inc. Dkt. No. 1 ("Compl."). As the alleged "only true inventor and designer" of "four innovative software product designs" including "Proprietary Streaming Video Protocol, Cloud Based Transcoding and Streaming System for Media Companies, OTT Platform with Social Media Layers for OEMs, and Multiscreen OTT Video Stack for Operators," Plaintiff claims that he "owns all rights, title, and interest" of the "compromised assets." Compl. ¶¶ 42, 53, 60. Plaintiff asserts he has been caused to suffer more than $35 million in exposure of these software designs. SAC at 16.

Plaintiff asserts in his Complaint, but omits from his SAC, that in October of 2016, Kevin Conner, Plaintiff's CPA, met with David Krane at the Rosewood on Sand Hill Road. Compl. at 7. Plaintiff alleges that at that meeting, Mr. Conner gave Mr. Krane Plaintiff's business plan that included his entire patent prosecution strategy that was marked proprietary and confidential. Compl. ¶ 16.[2] Plaintiff alleges that at that meeting, his patent and product ideas were disclosed without a signed non-disclosure agreement. Dkt. No. 60-1 ¶ 22. Mr. Conner and Mr. Krane both denied the meeting ever took place. Plaintiff alleges that because "Google Inc. had made a move to artificially intelligent solutions in its Cloud platform and that Google invested $4.5M on artificial intelligence research in Montreal" shortly thereafter, GV's move to artificial intelligence was based on Plaintiff's trade secrets unlawfully acquired from the meeting at the Rosewood. Compl. ¶ 21.

On the initial motion to dismiss, the Court found that Plaintiff failed to plead his claim with sufficient particularity and failed to connect the alleged trade secret with Google Inc.'s involvement with artificial intelligence and gave Plaintiff leave to amend his Complaint. Plaintiff filed an Amended Complaint on March 31, 2019 (Dkt. No. 106) and a Second Amended

---

[1] The background is a summary of the allegations in the Complaint (Dkt. No. 1) and Plaintiff's SAC (Dkt. No. 116) that are relevant to GV Defendant's motion to dismiss.
[2] Further factual background is provided in this Court's previous order (Dkt. No. 100).

United States District Court
Northern District of California

Complaint on April 14, 2019 (Dkt. No. 116).[3] GV Defendants filed and served its motion to dismiss. Dkt. No. 117. Plaintiff opposed. Dkt. No. 123. GV Defendants replied. Dkt. No. 124.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that a claim "is plausible on its face." *Twombly*, 550 U.S. at 555, 570. When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1998). "[M]aterial which is properly submitted as part of the complaint may be considered." *Hal Roach Studios*, 896 F.2d at 1555 n.19. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

### B. Pro Se Pleadings

Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be construed liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In doing so, the court "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw

---

[3] The Court considers the SAC as the operative complaint for GV Defendants' motion to dismiss and for this order.

Case No.: 5:18-cv-04327-EJD
ORDER GRANTING GV DEFENDANTS' MOTION TO DISMISS
3

every reasonable or warranted factual inference in the plaintiff's favor." *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974). The court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." *Id*. But pro se parties must still abide by the rules of the court in which they litigate. *Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th Cir. 1986). A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

## III. DISCUSSION

### A. Plaintiff's Second Amended Complaint Still Fails to Plead a Sufficient Claim

GV Defendants move to dismiss Plaintiff's misappropriation for trade secret claim because Plaintiff still fails to plead a sufficient claim. Mot. at 9–12. The Court agrees.

Congress enacted the Defend Trade Secrets Act in 2016 (the "Act"). *See* Defend Trade Secrets Act of 2016, Pub. L. No. 114-153, § 2, 130 Stat. 376 (2016) (codified as amended at 18 U.S.C. § 1831 et seq.). The Act builds upon the Espionage Act of 1996 and provides exclusive original jurisdiction to the District Courts. *Id*. § 1836. The Act provides a right of civil action to "[a]n owner of a trade secret" intended for use in commerce "that is misappropriated." *Id*. § 1836(b)(1).

A "trade secret" is considered "all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled . . ." *Id*. § 1839(3). An owner maintains her trade secret if: (1) she takes reasonable measures in keeping it secret, and (2) "the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means . . . ." *Id*. § 1839(3)(A) and (B). "Misappropriation" of a trade secret occurs when: (A) the trade secret is acquired "by a person who knows or has reason to know that the trade secret was acquired by improper means" or (B) "disclosure or use" occurs by a person without "express or implied

Case No.: 5:18-cv-04327-EJD
ORDER GRANTING GV DEFENDANTS' MOTION TO DISMISS
4

consent." *Id*. § 1839(5)(A) and (B).

### 1. Trade Secret Ownership

GV Defendants move to dismiss Plaintiff's claim because Plaintiff lacks standing under Defense Trade Secret Act ("DTSA") as he fails to show ownership. Mot. at 12–13. To state a DTSA claim, a plaintiff must show that he is the owner or licensee of the alleged trade secret. *See* 18 U.S.C. §§ 1836(b)(1), 1839(4) (defining "owner"); *uSens, Inc. v. Shi Chi*, No. 18-cv-01959-SVK, 2018 U.S. Dist. LEXIS 175570, *8-9 (N.D. Cal. Oct. 11, 2018).

While, a "plaintiff need not 'spell out the details of the trade secret,' *Autodesk, Inc. v. Zwcad Software Co*., No. 5:14-cv-01409-EJD, 2015 U.S. Dist. LEXIS 63610, at *13 (N.D. Cal. May 13, 2015). Nevertheless, the plaintiff must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 988 (S.D. Cal. 2012) (quoting *Diodes, Inc. v. Franzen*, 67 Cal. Rptr. 19, 24 (Cal. Ct. App. 1968)). Plaintiff has neither provided information in his SAC to show ownership, nor description of the alleged trade secrets with sufficient particularity.

Here, the Court previously found that Plaintiff lacked a sufficient description of particularity. Dkt. No. 100 ("Order"). Plaintiff's SAC repeats much of what was already stated in his original Complaint with some additions. Plaintiff adds that his trade secrets are: "the use of an Expert System" and provides a graph titled "Expert System." SAC at 10. Even still, Plaintiff fails to provide an explanation as to the numbers and formulas provided or as to what the expert system means. Plaintiff states that his trade secrets are "the use of a Knowledge Base to insert bad choices" and "the use of inference engines to reiterate another choice" but omits any further explanation. *Id*. Plaintiff contends that his trade secrets are "numerous sundry items" without explanation. Lastly, Plaintiff contends that when these are applied together, "Plaintiff achieves to [sic] goal of solving complex problems" while also "achieving optimal picture quality, lower bandwidth requirements, and lower storage requirements." SAC at 11. Plaintiff's descriptions are

Case No.: 5:18-cv-04327-EJD
ORDER GRANTING GV DEFENDANTS' MOTION TO DISMISS
5

still broad and unascertainable.

Further in his description, Plaintiff alleges that his trade secrets are housed in folders on the secure page of Arumai Technologies accessible only to the Administrator. SAC ¶ 9. And that "[t]o ensure the veracity of Plaintiff's protection claim, he cannot extend an invite to the Federal defendants, but he is willing to extend an invite to Courtroom Deputy. . . ." SAC ¶ 9. Plaintiff has not remedied the deficiencies in his Complaint with these statements, which are insufficient and lack any showing of ownership.

Accordingly, Plaintiff fails to assert ownership of any trade secret.

### 2. Misappropriation

To show misappropriation, DTSA requires a showing of one of two categories: (1) wrongful acquisition, or (2) disclosure or use of the trade secret without consent. 18 U.S.C. § 1839(5)(A) and (B). GV Defendants argue that Plaintiff shows neither. The Court agrees.

First, Plaintiff still fails to show GV Defendants (1) acquired a trade secret, and (2) if they had, that it was acquired wrongfully. To wrongfully acquire a trade secret, one must obtain a trade secret while having reason to know that it was obtained through "improper means." *Id*. § 1839(5)(A) ("misappropriation" means "acquisition of a trade secret by a person who knows or has reason to know that the trade secret was acquired by improper means."). Such "improper means" can include lying, paying a bribe, or inducing someone to breach their confidentiality agreement. *Id*. § 1839(6)(A).

Here, the Court previously rejected Plaintiff's theory that GV Defendants acquired Plaintiff's alleged trade secrets wrongfully because Plaintiff stated in his Complaint and through exhibits that he consented to Mr. Conner sharing Plaintiff's "business plan" with the GV Defendants before and after the alleged meeting. Plaintiff argues that because a non-disclosure agreement was not signed at the alleged meeting, that Plaintiff therefore did not consent. Dkt. No. 123 at 12 ("Reply"). However, Plaintiff's harm is aimed toward Mr. Conner, no longer a defendant in this case, and how Mr. Conner may have handled Plaintiff's business plan and non-disclosure agreement. This assertion still does not support a showing that GV Defendants

Case No.: 5:18-cv-04327-EJD
ORDER GRANTING GV DEFENDANTS' MOTION TO DISMISS

6

obtained any trade secrets through improper means such as inducing Mr. Conner to breach any confidentiality agreement. Even if the Court construed Plaintiff's statements of wrongful acquisition liberally, Plaintiff's claim still fails on the element of use.

Plaintiff's original statements that GV Defendants put his alleged trade secrets to use are purely speculative and lack any cognizable legal theory. In fact, Plaintiff's SAC has retracted from claiming any such use and now claims that GV Defendants will use *in the future*. For example, Plaintiff originally claimed injury from exposure of his patent ideas "to a large, cash rich, competitor [GV] without the benefit of the Mutual Non-Disclosure Agreement." Compl. at 16. Plaintiff then implied that because a month later Google took Plaintiff's trade secrets from Mr. Conner at the alleged meeting in October, Google "had made a move to artificially intelligent solutions in its Cloud platform and that Google invested $4.5M on artificial intelligence research in Montreal." Compl. at 6. This inference was not enough to show misappropriation and the Court provided Plaintiff an opportunity to allege more facts to support his theory. Plaintiff has not only failed to add any facts to support his theory in his SAC, he now appears to retract his statement that GV Defendants are using his alleged trade secrets at all. Plaintiff now states in his SAC that "[t]he notion that Google, in either regard, is making use of artificial intelligence at all is questionable." SAC at 4. Plaintiff further alleges and repeats that "[a]t the final adjudication of the instant action including all appeals" Defendants will conclude and "have already concluded that the best means of performing video search on Google TV is by the use of Plaintiff's classical form of artificial intelligence." SAC at 14. Plaintiff states nowhere in his SAC that GV Defendants, or any other defendants in this action, are using his alleged trade secrets. Only that they will in the future.

Accordingly, in addition to a lack of ownership, Plaintiff fails to state a claim of misappropriation against GV Defendants.

**B. Leave to Amend**

If the court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. "[A] district court should grant leave to amend even if no request to

Case No.: 5:18-cv-04327-EJD
ORDER GRANTING GV DEFENDANTS' MOTION TO DISMISS

7

amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend can be properly denied where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). Based on the repetitive nature of Plaintiff's SAC, his continued failure to describe ownership of any trade secret, and his retracted statements on use, the Court finds that a third amended complaint would constitute an exercise in futility and will cause the opposing party undue prejudice. Thus, Plaintiff will not be given leave to amend.

## IV. CONCLUSION AND ORDER

For the reasons stated, GV Defendant's motion to dismiss Plaintiff's Second Amended Complaint is GRANTED without leave to amend.

**IT IS SO ORDERED.**

Dated: May 14, 2019

EDWARD J. DAVILA
United States District Judge